MEMORANDUM **
Li, a native and citizen of China, petitions for review of an order from the Board of Immigration Appeals (BIA) denying his claim for asylum, "withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny Li’s petition.[1]
1. An immigration judge (IJ) must “ ‘provide specific and cogent reasons in *632 support of an adverse credibility determination.’” Shrestha v. Holder, 590 F.3d 1034, 1044 (9th Cir.2010) (quoting Malkandi v. Holder, 576 F.3d 906, 917 (9th Cir.2009)). Here, the BIA concluded that the IJ’s adverse credibility finding was justified by: (1) the IJ’s findings that Li provided a false address on an application for work authorization; (2) inconsistencies in Li’s testimony about alleged church raids in 2005 and 2006; (3) inconsistencies between Li’s testimony about the injuries he suffered in the 2006 raid and hospital records of his injuries; (4) inconsistencies between Li’s testimony about his journey to the United States and the information in his application for asylum; and (5) insufficient corroborating evidence.
2. The evidence does not compel a conclusion contrary to the one reached by the BIA. See Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir.2008) (“We ... must uphold the BIA’s finding unless the evidence compels a contrary result.” (internal citation and quotation marks omitted)). The BIA’s adverse credibility determination is supported by inconsistencies between Li’s testimony about how he came to the United States and his travel documents. Li was unable to explain why his passport was not stamped in France or why he had a Malaysian visa — he testified that he traveled through France on his way to the United States, and that he had never been to Malaysia. . These inconsistencies call into question Li’s testimony about his identity. Proof of identity is an element of an asylum claim. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
3. Because the BIA’s adverse credibility determination is supported by substantial evidence, Li cannot satisfy his burden of proving he is eligible for relief from removal. See Kin v. Holder, 595 F.3d 1050, 1058 (9th Cir.2010).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are familiar with the facts, so we will not recount them here.